**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| RALPH CURTIS ENGLE II, | : | |
| *Plaintiff,* | : | Case No. 1:25-cv-836 |
| vs. | : | Judge Jeffery P. Hopkins |
| BROWN COUNTY, OHIO, *et al.*, | : | |
| *Defendants.* | : | |

---

### ORDER ADOPTING REPORT AND RECOMMENDATION

---

This matter is before the Court on the Report and Recommendation (Doc. 7) issued by Magistrate Judge Karen L. Litkovitz on December 10, 2025. The Magistrate Judge recommends that (1) Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), except for certain of Plaintiff's claims, (2) the Court sever and dismiss Plaintiff's legal malpractice claim against Defendant Attorney Nick Ring without prejudice, and (3) the Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. No objections have been filed and the time for filing such objections under Fed. R. Civ. P. 72(b) has expired.

Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and finding no clear error, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *see e.g.,*

*Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at \*1 (S.D. Ohio Oct. 28, 2022). Accordingly, it is **ORDERED** that:

1. The complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), except for Plaintiff's First Amendment retaliation and Fourth Amendment unlawful seizure claims against Defendant Jason Huff (Counts I and V); his procedural due process claim against Defendants Brown County court and John Doe court personnel (Count III); his ADA and Rehabilitation Act claims against Defendants Brown County court and John Doe court personnel in their official capacity (Count VII and Count VIII); and his negligence claim against Defendant Verizon Wireless (Count XII).

2. Plaintiff's legal malpractice claim against Defendant Attorney Nick Ring be **SEVERED** and **DISMISSED** without prejudice to Plaintiff re-filing a separate action including such claim if he so wishes. *See* Fed. R. Civ. P. 20(a)(2); Fed. R. Civ. P. 21.

3. For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal in forma pauperis in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

        **IT IS SO ORDERED.**

May 1, 2026

Jeffery P. Hopkins
United States District Judge

2